IN THE CIRCUIT COURT FOR DEKALB COUNTY, TENNESSEE
AT SMITHVILLE

| | |
|---|---|
| TINA LOUISE WRIGHT | ) |
| Plaintiff, | ) |
| v. | ) No. 2015-CV-21 |
| OMEGA APPAREL INCORPORATED | ) |
| Defendant. | ) |

## COMPLAINT

Comes the Plaintiff, Tina Louise Wright, and would state unto this Honorable Court as follows:

1. Plaintiff, Tina Louise Wright, brings this action under the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-101, *et. seq.* and § 4-21-301 *et. seq.*, and Tenn. Code Ann. § 4-21-401, *et. seq.* for race discrimination, hostile work environment and retaliation, under the Tennessee Disability Act, § 8-50-103, *et. seq.* for discrimination, hostile work environment and retaliation, and under the Tennessee Whistleblower Act, § 50-1-304 and the common law of the State of Tennessee for wrongful termination and retaliation. Plaintiff also sues for willful violations of the Family and Medical Leave Act, 29 U.S.C. §2601, *et. seq.*, for retaliation, discrimination and interference under this act.

2. Defendant, Omega Apparel Incorporated, is a Tennessee Corporation with its principal office located in DeKalb County, Tennessee. The agent for service of process is Dean Wegner, 215 S. Mountain Street, Smithville, Tennessee 37166.

3. The cause of action alleged in this Complaint arose in DeKalb County, Tennessee.

EXHIBIT A

4. Defendant operates a factory that makes apparel for the United States military. Defendant hires very few African American workers.

5. Plaintiff is a female African American. On June 21, 2010, Defendant hired Plaintiff as a seamstress. Plaintiff's job title was Production Teammate.

6. In 2011, Plaintiff's work station was located under a pipe that leaked water on Plaintiff, her work station and the sewing machine she used to do her job. This was interfering with her ability to do her job.

7. Plaintiff complained to upper management for years about this leak to no avail. Upper management told Plaintiff to wear a hat. Plaintiff also requested to be moved to a different location and was told the company was not going to make any special arrangements for Plaintiff. Plaintiff complained this was discriminatory based upon her race.

8. In 2013, a co-worker would wear a confederate shirt to work. Plaintiff complained to human resources that she believed this was discriminatory based upon her race and was upsetting to Plaintiff. Plaintiff also continued to complain that the water dripping on her and not being fixed was also discriminatory. No action was taken as a result of these complaints and the co-worker continued to wear the confederate shirt to work.

9. Then in 2014, the employee who would wear the Confederate shirt had the same problem with the dripping water. This employee was a white female. The Defendant fixed the leak over this employee's work station. When Plaintiff saw this, she complained once again that this was discriminatory based upon her race and then the leak over her station was finally fixed.

10. Plaintiff does not believe her complaints of discrimination were investigated by Defendant and Plaintiff never received any feedback about her complaints.

11. Plaintiff also complained the white employees were receiving more training than she was receiving and that this was discriminatory. Defendant then sent out a poll asking the employees to list their name and state their race.

12. In November 2013, Plaintiff began suffering from severe migraines, back pain and some radiating chest pain. During flare ups of these conditions, Plaintiff was unable to work. As a result of these conditions, Plaintiff applied for and was granted FMLA leave by the Defendant. This leave began February 17, 2014.

13. Plaintiff's physician, Alan R. Drake, M.D., certified the need for Plaintiff to take FMLA leave on an intermittent basis for these conditions. Defendant was informed Plaintiff would have to miss 2-3 times per month during flare ups of her condition.

14. Plaintiff qualified for FMLA leave based upon these conditions.

15. Defendant informed Plaintiff she qualified for and was being granted FMLA leave for these conditions.

16. These conditions also qualified as a disability under the Tennessee Handicap Act. Plaintiff was able to do her job despite these conditions if Defendant complied with its obligations under FMLA.

17. After the complaints of discrimination, Defendant created a hostile work environment for Plaintiff by actions, including but not limited to:

    (a) not timely fixing the problems with Plaintiff's sewing machine while fixing the white employee's machines;

    (b) allowing the white employee to work overtime while not allowing Plaintiff to do so;

    (c) being rude and talking down to the Plaintiff; and

(d) writing Plaintiff up for trivial matters.

18. On August 19, 2014, Defendant disciplined Plaintiff for being confrontational. Defendant was checking Plaintiff's work and becoming very picky about her work. Plaintiff merely asked Defendant if they were looking at her work bundle. She was told to go back and to sit down. Plaintiff went to go ask her supervisor if that was her bundle that was being checked and why were they going through it. The supervisor then asked the supervisors what they were doing. Plaintiff was then told that she was being confrontational and was told she would be written up. This was not justified and Defendant never gave Plaintiff any write up.

19. Thereafter, Plaintiff began to write notes so that she would not be written up for being confrontational. On August 27, 2014, Plaintiff was called into the office for leaving a message on a post it note.

20. On September 9, 2014, Plaintiff became ill at work. Plaintiff informed her lead person, who then told Plaintiff's supervisor, Annabelle Nichols, of Plaintiff's illness. Plaintiff told her lead person she had a headache and was dizzy and it would be FMLA leave. Plaintiff also told her supervisor of her illness.

21. On September 10, 2014, Plaintiff was still ill and called in and spoke with her supervisor Annabelle Nichols. Plaintiff informed Ms. Nichols she was still ill and it would be covered as FMLA leave.

22. On Thursday, September 11, 2014, Plaintiff worked a half day and was then sent home due to no work.

23. On Friday, September 12, 2014, Plaintiff did not work due to no work.

24. On the next work day, September 15, 2014, Plaintiff had to take her young daughter to the hospital for testing before surgery. This condition qualified as a serious health

4

condition and should have been covered under Defendant's FMLA leave policy. Plaintiff called in to speak with Human Resources about this and was informed HR was not there. When she finally spoke with Human Resources later in the day, Plaintiff was informed that she had reached over 7 points allowed under the attendance policy. This was not possible unless the Defendant used Plaintiff's FMLA days against her attendance.

25. On September 16, 2014, Plaintiff was fired.

26. Plaintiff would state she was discriminated against and subjected to a hostile work environment due to her race, in direct violation of the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-101, *et. seq.*, § 4-21-301, *et. seq.* and Tenn. Code Ann. § 4-21-401, *et. seq.* Plaintiff was also retaliated against for opposing illegal actions of Defendant under this act and participating in a complaint under THRA.

27. Plaintiff would state she was discriminated against and subjected to a hostile work environment due to her disability, in direct violation of the Tennessee Disability Act, Tenn. Code Ann. § 8-50-103, *et. seq.* Plaintiff was also retaliated against for requesting accommodations under this act.

28. Plaintiff would further state she was retaliated against and terminated for opposing the illegal actions of Defendant in violation of the Tennessee Whistleblower Act, § 50-1-304 and the common law of the State of Tennessee.

29. Plaintiff would further state she was fired in violation of the Family and Medical Leave Act. Defendant discriminated against and retaliated against Plaintiff for taking leave under this act. Defendant further interfered with Plaintiff's rights under the Family and Medical Leave Act.

WHEREFORE, PLAINTIFF PRAYS:

1. That Plaintiff be granted a judgment against the Defendant for $1,500,000.00, for compensatory and other damages suffered by her including but not limited to, compensatory damages, damages for pain and suffering, humiliation and embarrassment, back pay, interest on back pay, lost benefits, injury to character and personal injury.

2. That Plaintiff be ordered reinstated or front pay in lieu thereof, with all accumulated salary rights and benefits as if continuously employed.

3. Plaintiff further prays for both liquidated and punitive damages, and for pre-judgment interest, attorney's fees, litigation costs, and the cost of this cause.

4. Plaintiff prays for a jury of six to try this cause.

5. Plaintiff prays for such other further relief as may be necessary or appropriate.

Respectfully Submitted,

_____
Ann Buntin Steiner     #11697
Steiner & Steiner
613 Woodland St.
Nashville, TN 37206
615) 244-5063
*Attorney for Plaintiff, Tina Louise Wright*

Certificate
State of Tennessee, DeKalb County
I, Katherine Pack, Circuit Court Clerk, Do Hereby Certify that This Is A True, Perfect & Complete Copy Of The Instrument On File In This Office.
Book_____Page_____
This ____ Day Of _____ 20__
_____ Clerk/D.C.